[Crim. No. 1394. Fourth Dist. Jan. 8, 1959.]

THE PEOPLE, Respondent v. DANIEL RODRIGUEZ TORRES, Appellant.

J. Frederick Rosen for Appellant.

Edmund G. Brown, Attorney General, and John A. Vander Lans, Deputy Attorney General, for Respondent.

MUSSELL, Acting P. J.—Appellant was charged in four counts in an information with violations of section 501 of the California Vehicle Code. He entered a plea of not guilty to all counts, waived trial by jury, and was found guilty on all four counts by the court. He was granted three years probation, conditioned upon his serving 90 days in the county jail and the payment of a fine of $300. His sole contention on his appeal from the judgment is that the evidence was insufficient to support it.

On November 2, 1957, at about 10 p. m., appellant was driving a Ford pickup easterly on Main Street in the city of Brawley, when his car struck a Chevrolet automobile being driven south on Eighth Street and through the intersection of Eighth and Main Streets, in said city. Main Street runs east and west and Eighth Street north and south, with stop signs on Eighth Street on both sides of Main. A deputy sheriff, who was driving east on Main Street, testified that the Ford pickup passed him at an estimated speed of from 45 to 50 miles per hour about a block east of Eighth and Main Streets. Appellant was driving a Ford pickup and one Frank Morales was a passenger. After the pickup passed him the deputy observed a Chevrolet automobile headed south on Eighth Street and stopped at its intersection with Main. He heard the pickup truck's brakes screech before it collided with the Chevrolet in the intersection. After the accident and while at the scene, the deputy smelled a strong odor of alcohol on the appellant's breath.

Charlie Hudson, the driver of the Chevrolet, testified that there were six passengers riding with him in his car at the time of the accident; that he brought his car to a complete stop at the stop sign on Eighth before he entered the intersection; that he looked both ways on Main Street and, seeing no cars coming in either direction, proceeded south into the intersection; that he did not see the pickup until it was from one to one and one-half car lengths from his car and he estimated the speed of the pickup at 50 miles per hour when the accident happened.

Doris Jones, Barbara Jones, Vada Smith and Joseph Smith, all passengers in the Chevrolet, were injured in the accident.

Appellant was taken to a hospital in an ambulance and before he left the scene of the accident stated that he would consent to a blood alcohol test. James Reynolds, a police officer who arrived at the scene of the accident within a few minutes after it happened, testified that he smelled the odor of alcohol

on appellant's breath and noted that his eyes were watery and bloodshot. A sample of his blood for a blood alcohol test was taken from appellant at the hospital by a technologist. Another technologist took the blood sample to the sheriff's crime laboratory and upon examining it, found that the alcohol content of the blood sample was .231 per cent. He testified that it was his opinion that anyone with a blood alcohol content above .15 per cent would be under the influence of intoxicating beverages; that a person with a blood alcohol content of .231 per cent would have his reflexes and reasoning power impaired; that he would be semianesthetized and that his vision would be impaired.

The evidence is amply sufficient to show that the appellant at the time of the accident was driving a vehicle while under the influence of intoxicating liquor.

In *People* v. *Haeussler*, 41 Cal.2d 252, 261 [260 P.2d 8], the trial court told the jury that ". . . it was unnecessary to find that Mrs. Haeussler was 'drunk' or 'intoxicated'; it would be sufficient if it were found that intoxicating liquor had 'so far affected the nervous system, brain or muscles as to impair to an appreciable degree the ability to operate the vehicle in a manner like that of an ordinarily prudent and cautious person in the full possession of his faculties, using reasonable care and under like conditions.' " On appeal, the Supreme Court held that the degree to which a person must be influenced by alcohol to warrant a conviction under section 501 of the Vehicle Code was correctly stated in the instruction given.

In *People* v. *Markham*, 153 Cal.App.2d 260, 270 [314 P.2d 217], it was held that in a prosecution under this statute it is not necessary to prove any specific degree of intoxication, but that in each case where a person is charged with a violation of section 501 of the Vehicle Code, the question whether the accused was "under the influence of intoxicating liquor" is a question of fact to be determined by the court or jury from all the proven circumstances of the case; that

"We are satisfied that the prevailing rule in this and many other states is, '. . . that expert testimony is admissible where the conclusions to be drawn by the jury depend on the existence of facts which are not common knowledge and which are peculiarly within the knowledge of men whose experience or study enables them to speak with authority thereon, and in those cases in which the conclusions to be drawn from the facts stated, as well as knowledge of the facts themselves, depend upon professional or scientific knowledge or skill not within

the range of ordinary training or intelligence. In such cases not only the facts but the conclusions to which they lead, may be testified to by qualified experts. Of course any such opinion may be accepted or rejected by the jury. (Citing cases.)' (*People* v. *Tucker*, 88 Cal.App.2d 333, 339 [198 P.2d 941].) No distinction is made by the law in weighing evidence, between expert testimony and evidence of other character (citing cases).''

There is substantial evidence in the record from which the trial court could and did infer that the appellant was driving his pickup truck at a speed in excess of that permitted by sections 510 and 511 of the Vehicle Code. The record shows that four persons were injured in the accident; that appellant was under the ''influence of intoxicating liquor''; and that he was driving his truck at an unlawful speed in the business district of the city of Brawley at the time of the accident, which act and neglect proximately caused bodily injuries to the occupants of the Hudson automobile.

Judgment affirmed.

Shepard, J., concurred.