**Daniel David KRAMER,**
**Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant–Appellee.**

**No. 97CA1039.**

Colorado Court of Appeals,
Div. III.

Sept. 3, 1998.

Harry J. Holmes, Longmont, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, James E. Heiser, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Daniel David Kramer, appeals the district court's judgment affirming the decision of defendant, Colorado Department of Revenue, Motor Vehicle Division (Department), adjudicating plaintiff an habitual traffic offender and revoking his motor vehicle license. At issue is the propriety of consid-

ering two out-of-state convictions. We affirm.

In 1995, plaintiff was convicted of driving under the influence (DUI) in violation of § 42–4–1301(1), C.R.S.1997. Previously, plaintiff had been twice convicted on charges of driving under the influence in Idaho. Based on his three convictions, the Department held a revocation hearing.

Relying on § 24–60–1101, et seq., C.R.S. 1997, the Driver License Compact (Compact), plaintiff contended that the Idaho convictions could not be considered. However, the hearing officer ruled that the Compact did not apply, adjudicated plaintiff an habitual traffic offender under the provisions of § 42–2–201, et seq., C.R.S.1997, and revoked his driver's license for five years. On review, the district court interpreted the Compact to allow consideration of the Idaho convictions and affirmed the ruling.

### I.

Plaintiff contends that the Compact must apply to habitual traffic offender proceedings when the basis for the revocation is out-of-state convictions and that the specific provisions limiting consideration of out-of-state violations must prevail over the general purposes of the Compact. Essentially, he argues that for purposes of revocation, the Compact requires Colorado to give the same effect to certain offenses that it would if they had occurred in Colorado and that consideration of his Idaho convictions for driving under the influence is limited by Compact language describing such a conviction as one in which the person was found to be under the influence "to a degree which renders the driver incapable of safely driving a motor vehicle." Section 24–60–1101, art. IV(a), C.R.S.1997. Thus, he reasons that, because in Idaho the state must prove only that a driver's ability to drive was impaired by alcohol, his Idaho convictions cannot be considered. In our view, however, we need not decide whether the habitual traffic offender statute requires application of the Compact, because even if we assume it does apply, we conclude that defendant's Idaho convictions can be considered for purposes of revocation.

▪ The interpretation of a statute is a question of law, and an appellate court is not bound by the trial court's interpretation. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986). When interpreting two statutory sections, we must attempt to harmonize them in order to give effect to their purposes. *Norsby v. Jensen,* 916 P.2d 555 (Colo.App.1995).

▪ A reviewing court may not reverse the decision of an agency unless the court finds it to be arbitrary and capricious or contrary to rule or law. Sections 42–4–204, C.R.S.1997; 24–4–106(7) and 24–4–106(11)(e), C.R.S.1997. An agency interpretation that is not only in conformity with the relevant statutory provisions but is reasonably supported by the agency's reasoning and the record is entitled to deference. *Department of Revenue v. Woodmen of the World,* 919 P.2d 806 (Colo.1996).

In Colorado, § 42–2–202, C.R.S.1997, sets forth the conditions under which a person's privilege to drive may be revoked. There is no reference in this statute to the Compact.

Section 42–2–202(2), C.R.S.1997, provides in pertinent part:

(a) An habitual offender is a person having three or more convictions of any of the following separate and distinct offenses arising out of separate acts committed within a period of seven years:

(I) Driving a motor vehicle in violation of any provision of section 42–4–1301(1) or (2)(a);

. . . .

(b) The offenses included in subparagraphs I ... shall be deemed to include convictions under any ... law of another state ... that substantially conforms to the statutory provisions of this state. ...

▪ The plain terms of the above statute thus provide that any conviction under § 42–4–1301(1), C.R.S.1997, will be counted for purposes of habitual traffic offender status. Included within § 42–4–1301(1) are convictions for driving while a person is impaired

by alcohol (DWAI). *See People v. Swann,* 770 P.2d 411 (Colo.1989). Thus, a driver with three DWAI convictions within a seven-year period is an habitual traffic offender and may have his or her license revoked by the Department. *See* § 42–2–203, C.R.S.1997 (Department has authority to revoke the license of any person whose record brings such person within the definition of an habitual offender in § 42–2–202).

Further, convictions under the law of another state that "substantially conforms" to the statutory provisions of Colorado may be included for purposes of habitual traffic offender status. *See* § 42–2–202(2)(b), C.R.S.1997. Thus, even if plaintiff's Idaho convictions are the equivalent of Colorado DWAI convictions, they may be considered for purposes of imposing habitual traffic offender status.

However, even if we assume the provisions of the Compact must be considered in determining defendant's habitual traffic offender status, the terms of the Compact do not limit consideration of his Idaho convictions.

Under the Compact, party states are required to report convictions of persons from another party state to the home state of the licensee. Section 24–60–1101, art. III, C.R.S.1997.

Section 24–60–1101, art. IV, states:

(a) The licensing authority in the home state, for purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the offense reported . . . as it would if such offense had occurred in the home state, in the case of convictions for:

. . . .

(2) Driving a motor vehicle while under the influence of intoxicating liquor . . . to a degree which renders the driver incapable of safely driving a motor vehicle;

. . . .

(b) As to other convictions, reported pursuant to Article III, the licensing authority in the home state shall give such effect to the offense as is provided by the laws of the home state.

The Compact is to be liberally construed so as to effectuate its purposes. Section 24–60–1101, art. IX, C.R.S.1997.

Section 24–60–1105(1), C.R.S.1997, provides:

Those offenses described in article IV(a) of the compact refer only to the following . . . No conviction in another state for an offense described in article IV(a) of the compact shall be considered in this state unless the executive director of the department of revenue has made a finding with respect thereto that the prerequisites to such conviction in such other state with respect to trial by jury, burden of proof, and elements of the offense are not less stringent than such prerequisites to conviction for such offense in this state.

As a preliminary matter, plaintiff here does not dispute that Colorado is his home state under the Compact. In his reply brief to the district court, plaintiff conceded that his Idaho convictions were reported to the Department as required by the Compact. Further, the Department takes the position that the Idaho driving under the influence convictions are equivalent to Colorado DWAI convictions.

Idaho Code § 18–8004 (1987), the statute under which plaintiff was convicted, provided:

It is unlawful for any person who is under the influence of alcohol . . . or who has an alcohol concentration of 0.10 . . . to drive or be in actual physical control of a motor vehicle. . . .

However, when a breath-alcohol test is unavailable, Idaho courts have held that: "It is not necessary for the state to prove that the driver could not drive safely or prudently, but only that [the driver's] 'ability to drive was impaired by the influence of alcohol.'" *State v. Bronnenberg,* 124 Idaho 67, 70, 856 P.2d 104, 107 (1993); *see also State v. Andrus,* 118 Idaho 711, 800 P.2d 107 (1990)(it is essential that the impairment be for a physical or mental function that relates to one's ability to drive). While, as plaintiff asserts, there is language in *State v. Andrus, supra,*

from an earlier case suggesting that it was permissible to convict upon proof that a person's ability to drive was impaired to the slightest degree, the *Andrus* court considered that language to be dictum and not controlling.

In Colorado, however, under § 42–4–1301(1), C.R.S.1997, it is a misdemeanor for any person who is under the influence of alcohol or who is impaired by alcohol to drive in this state. Sections 42–4–1301(1)(f) and 42–4–1301(1)(g), C.R.S.1997, provide: "Driving under the influence means driving a vehicle when a person has consumed alcohol ... which ... affects the person to a degree that the *person is substantially incapable*" of exercising clear judgment, sufficient physical control, or due care in the safe operation of a vehicle; but "'Driving while ability impaired' means driving a vehicle when a person has consumed alcohol ... which ... *affects the person to the slightest degree* ... in the safe operation of a vehicle." (emphasis added)

Here, the hearing officer accurately pointed out the similarity of the provisions in both the Colorado and Idaho statutes for convictions when a blood alcohol analysis is available. However, the record does not indicate whether plaintiff was convicted under the Idaho provisions concerning a blood alcohol test.

We do not agree with plaintiff that the provisions of the Compact in § 24–60–1101, art. IV(a) limit consideration of his out-of-state driving violations. Even if we assume that this language sets a standard, § 24–60–1101, art. IV(a) requires only that a home state give a conviction under this standard the same effect as if the offense had occurred in the home state. It does not state that only those out-of-state convictions meeting this standard can be considered for purposes of revocation.

Further, we construe the intent of the Compact to encompass plaintiff's Idaho convictions even if those convictions are equivalent to Colorado DWAI convictions. Such an interpretation is consistent with the purposes of the Compact, which are to "[p]romote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles," and to "[m]ake the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the over-all compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states." Section 24–60–1101, art. I(b), C.R.S.1997.

Finally, the Idaho convictions can also be given effect under § 24–60–1101, art. IV(b), which provides that, as to other convictions reported pursuant to article III, the home state is required to give such effect as provided by the laws of the home state. Under this provision, Colorado is required to give such effect to the Idaho convictions as provided by Colorado law. As discussed above, the habitual traffic offender statute so provides. *See* § 42–2–202(2)(b).

## II.

Plaintiff further asserts that the requirements of the Compact and the habitual traffic offender statute were not properly considered and applied in this case. We reject these arguments.

These arguments are premised in part on the district court's reliance on § 24–60–1101, art. IV(c), C.R.S.1997, addressing laws of a party state. In view of our disposition, we *do not address* the applicability of this section of the statute.

While plaintiff refers to § 24–60–1105(1), he does not request more findings. Rather, he asserts that this provision refers to those offenses described in § 24–60–1101, art. IV(a), and that an Idaho conviction does not require the stringent level of proof set forth in § 24–60–1101, art. IV, i.e., "renders the driver incapable of safely driving a motor

vehicle." We have set forth above a different interpretation of article IV.

For similar reasons, we also reject plaintiff's arguments that his Idaho convictions are not substantially similar to a Colorado DUI conviction and should not be given the same effect in Colorado.

Accordingly, we conclude that the Department properly considered plaintiff's Idaho convictions.

The judgment is affirmed.

PLANK and DAVIDSON, JJ., concur.