[No. D032919. Fourth Dist., Div. One. Jan. 14, 2000.]

STEVEN T. McDONALD, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Bill Lockyer, Attorney General, Martin H. Milas, Chief Assistant Attorney General, Silvia M. Diaz and Martin W. Hagan, Deputy Attorneys General, for Defendant and Appellant.

Grimes & Warwick and Thomas J. Warwick, Jr., for Plaintiff and Respondent.

## OPINION

**O'ROURKE, J.**—The Department of Motor Vehicles (DMV) appeals a judgment granting Steven T. McDonald's petition for writ of administrative mandamus and reducing his driver's license suspension from one year to four months. The court determined that the Colorado law under which McDonald pleaded guilty for driving while ability impaired (DWAI) was not "substantially similar" to California Vehicle Code[1] section 23152, subdivisions (a) and (b), and therefore that the DMV could not consider McDonald's Colorado offense a prior offense for penalty enhancement purposes. The DMV contends the court acted contrary to legislative intent in narrowly construing the section 13363, subdivision (b) substantial similarity test used to determine whether an out-of-state conviction will be used to increase the term of license suspension. We agree and reverse with directions to the trial court to reinstate the DMV's suspension order.

### FACTUAL AND PROCEDURAL BACKGROUND

For purposes of determining the propriety of the judgment granting McDonald's petition for writ of mandate, we state the facts in the light most favorable to McDonald. (*Lake v. Reed* (1997) 16 Cal.4th 448, 457 [65 Cal.Rptr.2d 860, 940 P.2d 311].)

On July 24, 1992, McDonald, a resident of Rancho Santa Fe, California, was arrested in Colorado for speeding (Colo. Rev. Stat. (C.R.S.) § 42-4-1001), driving a vehicle with excessive alcohol content (C.R.S. § 42-4-1202

[1]All statutory references are to the California Vehicle Code in effect before July 1, 1999, unless otherwise specified.

(1.5)(a)), and driving a vehicle under the influence of alcohol or drugs or both (C.R.S. § 42-4-1202 (1)(a)). McDonald pleaded guilty to a charge of driving while ability impaired (C.R.S. former § 42-4-1202 (1)(b)[2]). He signed a plea bargain advisement in Colorado waiving the establishment of any factual basis for the charge. The record contains no evidence of McDonald's actual blood-alcohol level at the time of his Colorado arrest.

Approximately five years later, in August 1997, McDonald was arrested in Carlsbad, California for driving under the influence of alcohol in violation of section 23152, subdivision (a). His California driver's license was suspended under California's administrative per se statute, section 13353.2, subdivision (a).[3] On October 16, 1997, the DMV held a formal hearing on McDonald's suspension at which time his counsel advised the hearing officer that McDonald had pleaded guilty to a section 23152, subdivision (a) violation. McDonald's counsel argued that McDonald's prior Colorado conviction should not be recognized for penalty enhancement purposes under section 13363 and that McDonald's section 23152, subdivision (a) offense should be considered his first offense. The hearing officer took McDonald's contention into consideration, but did not rule on it at the hearing.[4]

On December 4, 1997, the DMV issued its notice of findings and decision sustaining the suspension of McDonald's license for one year. McDonald filed a petition for writ of administrative mandamus in the superior court challenging the validity of the DMV's suspension order on the ground there was no proof that McDonald's prior conviction was "valid and proper." The DMV argued that the Colorado DWAI statute was substantially similar to section 23152 and counted as a prior conviction under section 13352, subdivision (d). The DMV further maintained that McDonald in his plea bargain waived his right to claim that no adjudicated facts supported the conviction.

The court found that the DMV abused its discretion by failing to make the "substantially similar" determination required under section 13363, subdivision (b) and ruled that the Colorado statute was not substantially similar to

---

[2]In 1994, Colorado's General Assembly relocated C.R.S. section 42-4-1202(1)(b) to section 42-4-1301(1)(b). (1994 Colo. Legis. Service Sen. Bill No. 94-1.) We refer to the law as it was codified at the time of McDonald's Colorado arrest and plea.

[3]McDonald's verified petition for writ of mandate states that the administrative per se order of suspension was served on August 9, 1997.

[4]The DMV hearing officer also received into evidence the officer's statement (Form DS 367) signed and dated August 9, 1997, and reflecting chemical test results of .16 and .17; the order of suspension; the CHP (California Highway Patrol) report; the results of McDonald's breath test and the Intoxilyzer 3000 checklist; McDonald's driving record dated October 14, 1996; the notice of stay and notice of hearing; and a discovery list. None of these items are contained in the appellate record or the superior court file.

section 23152: "Colorado Revised Statute 42-4-1202 indicates petitioner might have been convicted of DWAI in Colorado if (1) he drove a car with a blood alcohol content ('BAC') of more than 0.05 percent but less than 0.10 percent; or (2) there was a factual finding his driving was affected 'to the slightest degree' by consumption of alcohol. 0.05 percent is not a punishable offense under Vehicle Code [section] 23152[, subdivision] (b). Moreover, [the] Vehicle Code requires something more than an effect of the 'slightest degree.' CALJIC 16.831. Moreover, DWAI is a lesser offense in Colorado tha[n] DUI (42-4-1202(f),(g).)." It entered judgment granting McDonald's petition for writ of mandate on February 3, 1999.

## DISCUSSION

■ The DMV contends that Colorado's DWAI statute is substantially similar in substance, interpretation and enforcement to section 23152 and therefore McDonald's prior Colorado DWAI conviction should have been used as a prior conviction to enhance McDonald's suspension to one year under California's administrative license revocation scheme, which permits enhancements for repeat offenders. (§ 13353.3, subd. (b)(2).[5]) McDonald counters that use of out-of-state convictions as penalty enhancements is not permitted under the administrative per se laws, but even if they were, McDonald's Colorado conviction would not qualify because it is not a violation of either subdivision (a) or (b) of section 23152. McDonald argues we should reject as incorrect dicta the "substantially similar" test of *Draeger v. Reed* (1999) 69 Cal.App.4th 1511 [82 Cal.Rptr.2d 378], but maintains in any event that the laws are not substantially similar because a conviction under section 23152 requires a greater degree of impairment than one under Colorado's DWAI law.

■ Where, as here, the facts are undisputed, we independently review the construction and application of the relevant statutes (*Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722]; *Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 493 [39 Cal.Rptr.2d 348]), which are the interstate Driver License Compact (§ 15000 et seq.), the "administrative per

[5]Section 13353.3, subdivision (b)(2) provides: "If the person has been convicted of one or more separate violations of Section 23103, as specified in Section 23103.5, Section 23140, 23152, or 23153, of Section 191.5 of the Penal Code, or of paragraph (3) of subdivision (c) of Section 192 of that code, the person has been administratively determined to have refused chemical testing pursuant to Section 13353 or 13353.1, or the person has been administratively determined to have been driving with an excessive concentration of alcohol pursuant to Section 13353.2 on a separate occasion, which offense or occasion occurred within seven years of the occasion in question, the person's privilege to operate a motor vehicle shall be suspended for one year."

se" law (§ 13353.2 et seq.), section 23152 and Colorado's DWAI law (C.R.S. § 42-4-1202(1)(b)). ██ "The rules of statutory construction require us to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] The words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] When the language is susceptible of more than one reasonable interpretation, we look to the legislative history of the statute and the wider historical circumstances of its enactment in ascertaining the legislative intent. [Citation.]" (*Clayton v. Superior Court* (1998) 67 Cal.App.4th 28, 31 [78 Cal.Rptr.2d 750].)

## A. *The Driver License Compact*

In 1963, California's Legislature enacted into law the Driver License Compact (Compact) (§ 15000 et seq.), finding that the safety of California's streets and highways is materially affected by drivers' degree of compliance with state and local laws relating to the operation of motor vehicles and that the violation of those laws is evidence that the violator engages in conduct likely to endanger the safety of persons and property (§ 15020, subd. (a)(1), (2)). The Compact is specifically intended to increase highway and street safety by "[p]romot[ing] compliance with the laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles." (§ 15020, subd. (b)(1); *Larsen v. Department of Motor Vehicles* (1995) 12 Cal.4th 278, 282, fn. 4 [48 Cal.Rptr.2d 151, 906 P.2d 1306] [the Compact is "intended to increase highway and street safety by enhancing the degree of compliance with laws governing the operation of motor vehicles in party states."].) Another important purpose of the Compact is to "[m]ake the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states." (§ 15020, subd. (b)(2).) The Compact is to be liberally construed to effectuate its purposes. (§ 15028.) The State of Colorado is a party to the Compact. (C.R.S. § 24-60-1101 (1997); *Kramer v. Colorado Dept. of Revenue, Motor Vehicle Division* (Colo.Ct.App. 1998) 964 P.2d 629.)

Under the Compact, party states are required to report convictions of persons from another party state to the home state of the licensee. (§ 15022.) The DMV's treatment of reported prior convictions is governed by section 15023, which provides in part:

"(a) The licensing authority of the home state, for the purposes of suspending, revoking, or limiting the license to operate a motor vehicle, shall give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state, in the case of a conviction for: [¶] . . . [¶]

"(2) Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle; [¶] . . . [¶]

"(b) As to any other convictions . . . the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state.

"(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this section, such party state shall construe the denominations and descriptions appearing in subdivision (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature, and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this section."

Accordingly, under subdivision (a) of section 15023, the DMV must give the same force and effect in California to a prior out-of-state conviction for "driving a motor vehicle while under the influence of intoxicating liquor"[6] as if the same conduct had occurred in California. Subdivision (c) of section

---

[6]Both the DMV and McDonald suggest that subdivision (a) of section 15023 should be interpreted as describing a conviction for "[d]riving a motor vehicle while under the influence of intoxicating liquor" qualified by the phrase ". . . to a degree which renders the driver incapable of safely driving a motor vehicle." We do not interpret the provision in this manner under the applicable rules of statutory construction. Generally, a qualifying phrase applies to the word, phrase or clause immediately preceding it unless context or evident meaning require a different construction. (*People v. Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250].) "A longstanding rule of statutory construction—the 'last antecedent rule'—provides that 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.'. . ." (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191], citations omitted.) "There are two exceptions to the 'last antecedent rule,' . . . . The first exception provides that ' "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." '. . ." (*Id.* at pp. 680-681, citations omitted.) "Evidence that a qualifying phrase is supposed to apply to all

15023 provides a more relaxed standard; party states may construe other offenses or violations as falling under subdivision (a) so long as the offenses and violations are of a "substantially similar nature" as driving while under the influence of an intoxicating liquor. Under subdivision (b) of section 15023, the DMV must give effect to the conduct involved in "other convictions" as it would under California law.

Section 15023 cross-references section 13363, relating to convictions in foreign jurisdictions. Section 13363, subdivision (a) gives the DMV discretion, aside from the mandatory obligations of the Compact, to suspend or revoke driving privileges upon notice of a prior out-of-state conviction "which, if committed in this State, would be grounds for the suspension or revocation of the privilege to operate a motor vehicle." Subdivision (b) of section 13363 provides that the DMV "shall not give effect to [a report of an out-of-state conviction] pursuant to . . . Section 15023 unless the department is satisfied that the law of such other place pertaining to the conviction is substantially the same as the law of the State pertaining to such conviction and that the description of the violation from which the conviction arose, is sufficient and that the interpretation and enforcement of such law are substantially the same in such other place as they are in this State." (§ 13363, subd. (b).)

McDonald contends the Compact is irrelevant to these circumstances because it has been "unchanged" since its enactment and its general provisions should be governed by other more specific but unidentified Vehicle Code sections addressing penalty enhancements. He further argues that the Legislature did not intend out-of-state convictions to be used as suspension enhancements in administrative per se cases, because the administrative per se law (§ 13353 et seq.) does not contain any provision specifically referring to out-of-state convictions as does section 13352, relating to a suspension following a criminal conviction. (§ 13352, subd. (d).) His arguments are without merit.

The Compact's provisions expressly refer to, without qualification, efforts by the licensing authority to suspend, revoke or limit a license. (§ 15023, subd. (a).) Its provisions do not distinguish between the DMV's actions taken pursuant to either criminal or administrative proceedings. Although

antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." (*Id.* at p. 680.) The placement of the comma in the statute indicates that the latter clause ". . . to a degree which renders the driver incapable of safely driving a motor vehicle" applies to driving under the influence of drugs other than narcotics. (§ 15023, subd. (a).) Moreover, such a reading would be redundant under California's definition of "under the influence," discussed below.

section 13353.3 does not specifically refer to out-of-state convictions, we must harmonize its provisions with the mandatory provisions of the Compact and read them consistently, if possible. ■ Giving the Compact its intended liberal construction, we find the Compact applies when the DMV contemplates *any* suspension of a driver's license—including under the administrative scheme of section 13353.2 et seq. In order to apply the Compact and determine whether McDonald's Colorado conviction may be used as an suspension enhancement under section 13353.3, we set out and then compare the Colorado DWAI statute and section 23152 to determine whether they are "substantially similar" within the meaning of the statute.

### B. *The Colorado Statutes*

Colorado makes it a misdemeanor for a person to drive a vehicle while under the influence or while impaired by the use of alcohol, drugs, or both. (*People v. Swain* (Colo. 1998) 959 P.2d 426, 429.) Under Colorado's "driving while ability impaired" statute, C.R.S. section 42-4-1202(1)(b),[7] it is illegal for a person to drive when affected "to the slightest degree so that he is less able than he ordinarily would have been . . . to exercise . . . due care in the safe operation of a vehicle." (C.R.S. § 42-4-1202(1)(g) (1990).) Colorado law presumes that one driving with a blood-alcohol content (BAC) over .05 percent and less than .10 percent commits this offense. (C.R.S. § 42-4-1202(2)(b).)

---

[7] In 1993, C.R.S. section 42-2-1202 provided:

"(1)(b) It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state. "(1)(g) 'Driving while ability impaired' means driving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs, affects him to the slightest degree so that he is less able than he ordinarily would have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle. . . .

"(2) In any prosecution for a violation of paragraph (a) or (b) of subsection (1) of this section, the amount of alcohol in the defendant's blood or breath at the time of the commission of the alleged offense or within a reasonable time thereafter, as shown by analysis of such person's blood or breath, shall give rise to the following presumptions:

"(a) If there was at such time 0.05 or less grams of alcohol per one hundred milliliters of blood as shown by analysis of such person's blood or if there was at such time 0.05 or less grams of alcohol per two hundred ten liters of breath as shown by analysis of such person's breath, it shall be presumed that the defendant was not under the influence of alcohol and the defendant's ability to operate a vehicle was not impaired by the consumption of alcohol.

"(b) If there was at such time in excess of 0.05 but less than 0.10 grams of alcohol per one hundred milliliters of blood as shown by analysis of such person's blood or if there was at such time in excess of 0.05 but less than 0.10 grams of alcohol per two hundred ten liters of breath as shown by analysis of such person's breath, such fact shall give rise to the presumption that the defendant's ability to operate a vehicle was impaired by the consumption of alcohol, and such fact may also be considered with other competent evidence in determining whether or not the defendant was under the influence of alcohol . . . ."

Under a separate statute, Colorado makes it unlawful to "driv[e] under the influence," which requires a driver be "substantially incapable" of safe operation of a vehicle. (C.R.S. § 42-4-1202(1)(f); see *Barnes v. People* (Colo. 1987) 735 P.2d 869, 871-872, fn. 2 [under Colorado law, a defendant is considered " 'under the influence of intoxicating liquor' " if the degree of influence is " 'substantial so as to render the defendant incapable of safely operating a vehicle' "].) That offense is generally based on a BAC of .10 percent or greater. (See *Barnes v. People, supra,* 735 P.2d at pp. 872-873 [.10 percent or greater BAC creates permissive inference that the defendant was under the influence of alcohol].)

Referring to both statutes, the Colorado Supreme Court recently pointed out that by enacting the legislation, Colorado's General Assembly "sought to foster public safety by discouraging individuals from driving while under the influence of alcohol" and cited cases recognizing that " 'the health, safety and welfare of [citizens] . . . are endangered by those who drive while under the influence of intoxicating liquors. . .' " (*People v. Swain, supra,* 959 P.2d at p. 429, citing *People v. Rister* (Colo. 1990) 803 P.2d 483, 487 [recognizing that "[i]t is beyond debate that drunken driving is a serious problem, and that the state has a substantial interest in preventing the loss of life and damage to property caused by drunk drivers"].)

## C. *The California Statutes*

California does not have a law identical to Colorado's "driving while ability impaired" statute. Section 23152 provides: "(a) It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle. [¶] (b) It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." (§ 23152, subds. (a), (b).)

CALJIC No. 16.831 defines the term "under the influence" for purposes of section 23152. It provides in part: "A person is [under the influence of an alcoholic beverage] . . . when as a result of [drinking such alcoholic beverage] . . . [his] [her] physical or mental abilities are impaired to such a degree that [he] [she] no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances." (See *People v. Weathington* (1991) 231 Cal.App.3d 69, 81 [282 Cal.Rptr. 170]; *People v. Schoonover* (1970) 5 Cal.App.3d 101, 107 [85 Cal.Rptr. 69] [CALJIC No. 16.831 properly defines "under the influence of intoxicating liquor"].)

█ Under section 23152 " 'it is not necessary to prove any specific degree of intoxication, but . . . the question whether the accused was "under the influence of intoxicating liquor" is a question of fact to be determined by the court or jury from all the proven circumstances of the case. . . .' " (*People v. Weathington, supra,* 231 Cal.App.3d at p. 81, quoting *People v. Torres* (1959) 167 Cal.App.2d 36, 38 [333 P.2d 787].)

D. *Analysis*

█ We treat McDonald's guilty plea to the Colorado offense of driving while ability impaired as a conviction. (§ 13103.) Because McDonald was not convicted of the separate offense of driving under the influence of alcohol in Colorado, we do not apply subdivision (a)(2) of section 15023. Instead, we must apply either subdivision (b) or subdivision (c) of section 15023. Under either standard, California law requires the DMV to give effect to the Colorado conviction if the Colorado DWAI law is substantially similar in substance, interpretation and enforcement to section 23152. (§ 13363, subd. (b).) Black's Law Dictionary defines "substantially" in part as "Essentially . . . in the main . . . materially; in a substantial manner." (Black's Law Dict. (5th ed. 1979) p. 1281.) "Similar" is defined in part as "having a general likeness, although allowing for some degree of difference." (*Id.* at p. 1240.)

Considering the important remedial purposes of the Compact and the Legislature's edict that it be liberally construed, we conclude that Colorado's DWAI law is substantially similar to section 23152 to permit its use as a license suspension enhancement under section 13353.3. Generally, both statutes are misdemeanors and both are aimed to deter and punish drivers under the influence of alcohol. More specifically, the Colorado DWAI law and section 23152 both require that impairment be found when, due to ingesting alcohol, a driver's control of a vehicle is *less* than would be expected by a reasonably prudent driver.

McDonald argues the statutes are not similar because they have different standards. Colorado's DWAI law, he argues, punishes an individual who is "affected to the 'slightest degree' but still [is] able to exercise the caution characteristic of an ordinary sober person," whereas section 23152 punishes persons affected to the extent they are unable to drive as an ordinary sober person. We disagree with McDonald's interpretation of the Colorado statute. A person who is driving when affected by alcohol "to the slightest degree so that he is less able than he ordinarily would have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due

care in the safe operation of a vehicle" necessarily is impaired or hampered to an extent that person is less able to safely drive. In other words, a person cannot be convicted of the offense in Colorado absent an inability to drive as safely as he or she ordinarily would be able to do as an ordinary sober person. If reduced ability to drive safely were not a factor, enforcement of the law could lead to absurd results, such as convicting a person for driving with a truly de minimis blood-alcohol level. We would reject such an interpretation. (*People v. Clark* (1990) 50 Cal.3d 583, 605 [268 Cal.Rptr. 399, 789 P.2d 127] [in construing a statute susceptible to more than one meaning, the court will adopt the meaning that is reasonable and reject the one that would lead to an unjust and absurd result].) As to section 23152, subdivision (a), McDonald fails to recognize that a person *less able* to drive as an ordinary person is still a person that *cannot* drive as an ordinary person. Conduct that violates Colorado's DWAI law therefore *can* constitute a violation of section 23152, subdivision (a) in California, which requires that, as a result of drinking alcohol, the driver be impaired to the extent he or she cannot drive with the caution of a sober person using ordinary prudence.

The differences between the Colorado and California statutory schemes, including the varying levels of impairment, do not prevent us from reaching this conclusion. The fact that the DWAI law is a lesser included offense to Colorado's driving under the influence statute is irrelevant. Apart from comparing the laws, our analysis includes looking at the conduct prohibited by the statute to determine whether it may be illegal under section 23152. Likewise, McDonald's focus upon the statutes' varying presumptions is misplaced. Even if McDonald's BAC in Colorado was below 0.08 percent, he could still be found guilty of a violation of section 23152, subdivision (a) in California. A BAC of 0.08 percent or more only gives rise to a presumption that the person was under the influence of alcohol at the time of the alleged offense. (§ 23155, subd. (a)(3); *Yordamlis v. Zolin* (1992) 11 Cal.App.4th 655, 661, fn. 5 [14 Cal.Rptr.2d 225].)

We finally reject McDonald's contention that we must apply the test used in criminal cases to determine whether a prior foreign conviction can be considered a qualifying prior conviction under the "Three Strikes" law. (See *People v. Woodell* (1998) 17 Cal.4th 448, 453 [71 Cal.Rptr.2d 241, 950 P.2d 85], *People v. Rodriguez* (1998) 17 Cal.4th 253, 262 [70 Cal.Rptr.2d 334, 949 P.2d 31].) Under that test, the court determines whether the prior foreign offense " 'involved conduct which satisfies all of the elements of the comparable California offense.' " (*People v. Woodell, supra*, 17 Cal.4th at p. 453.) Not only are we dealing with a different test (we determine substantial similarity of laws rather than compare the conduct with the offense to find equivalent elements), but the matter involves a sanction that is civil, not

criminal, in nature. (*Larsen v. Department of Motor Vehicles, supra,* 12 Cal.4th at p. 286, fn. 6.) The test set forth in *People v. Woodell* does not apply.[8]

## DISPOSITION

The judgment is reversed and the case remanded to the trial court with directions to deny McDonald's petition for writ of mandate and reinstate the DMV's suspension order. The DMV shall recover its costs on appeal.

Kremer, P. J., and Haller, J., concurred.

---

[8]The overwhelming majority of member states interpreting the Compact have held lesser-included offenses, including Colorado's DWAI law, substantially similar to their driving under the influence (DUI) laws. (See, e.g., *Mills v. Edgar* (1989) 178 Ill.App.3d 1054 [128 Ill.Dec. 167, 534 N.E.2d 187] [Colorado's DWAI law prohibits conduct substantially similar to conduct that constitutes driving while under the influence of alcohol in Illinois; the Illinois law prohibits driving when due to alcohol ingestion the person's mental and/or physical faculties are "so impaired as to reduce his ability to think and act with ordinary care"]; *Marciniak v. State* (1996) 112 Nev. 242 [911 P.2d 1197] [Nevada Supreme Court held that Michigan's "driving while visibly impaired" statute, a lesser included offense to Michigan's driving under the influence statute, is substantially similar to Nevada's DUI law]; *Przybyla v. S. C. Dept. of Highways* (1993) 313 S.C. 116 [437 S.E.2d 70] [South Carolina Supreme Court held that although New York's "driving while ability impaired" statute prohibiting driving while impaired to "any extent" is distinct from New York's "driving while intoxicated" statute which requires a greater degree of impairment, New York's DWAI law is substantially similar to South Carolina's DUI statute which makes no differentiation within the offense concerning degrees of impairment; under the spirit of the Compact, a violation of any statute which prohibits driving while under any impairment from alcohol is of a substantially similar nature to South Carolina's DUI statute]; *Montanye v. State* (1993) 262 Mont. 258 [864 P.2d 1234, 1235-1236] [New York's DWAI law is similar to Montana's DUI law which defines "under the influence" as diminished ability to safely operate a motor vehicle by virtue of ingestion of alcohol; both laws deal with the driver's diminished ability to drive while under the influence of alcohol and carry with them potential punishment of a fine, imprisonment and license revocation or suspension]; *Division of Motor Vehicles v. Lawrence* (1983) 194 N.J. Super. 1 [475 A.2d 1265] [New York DWAI offense is of a substantially similar nature to New Jersey's driving while under the influence of intoxicating liquor offense; New Jersey law prohibits driving after ingesting alcohol to the extent that the person is "deprive[ed] . . . of the clearness of intellect and control . . . which he would otherwise possess"; both statutes deal with alcohol-related offenses and are aimed to deter and punish drunk drivers]; see also *Kramer v. Colorado Dept. of Revenue* (Colo.Ct.App. 1998) 964 P.2d 629 [for purposes of determining habitual offender status under Colorado law, court construed the intent of the Compact to encompass prior convictions under Idaho DUI law under which the state need not prove that the driver could not drive safely or prudently but only that the driver's ability to drive was impaired by the influence of alcohol].)