Filed 4/13/26  P. v. Massen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIANA LYNN MASSEN,<br><br>    Defendant and Appellant. | 2d Crim. No. B339365<br>(Super. Ct. No. 2022008707)<br>(Ventura County) |

Diana Lynn Massen appeals after she was convicted by jury of evading an officer and driving under the influence of a drug.  (Veh. Code,[1] §§ 2800.2, subd. (a), 23152, subd. (f).)  At trial, the jury was instructed pursuant to CALCRIM No. 2110 that it may consider evidence of appellant's driving manner, but that this evidence "is not enough by itself" to establish whether she was "under the influence."  Appellant contends reversal is required because CALCRIM No. 2110 improperly restricted her

---

[1]  All further statutory references are to the Vehicle Code unless otherwise indicated.

right to present a defense by instructing the jury that evidence of her "careful driving," standing alone, could not acquit her. We affirm.

*Factual and Procedural Background*

On April 10, 2022, at around 11:38 p.m., California Highway Patrol Officer Robert Ruckman observed appellant's white Toyota Camry traveling northbound on U.S. 101 near Victoria, "driving abnormally." The vehicle was "jerking, making sharp jerking movements to the left and to the right within its lane," maneuvering around slower moving vehicles, and crossed over the solid yellow line delineating the center-divide from the fast lane.

Officer Ruckman attempted to conduct a traffic stop by activating his emergency lights and sirens, but appellant did not stop. She continued driving, reaching a speed of approximately 100 miles per hour. During this time, she changed lanes several times without signaling, drove in multiple lanes at once, and nearly collided with the traffic cones on the freeway in a construction zone.

Law enforcement deployed a spike strip, deflating appellant's left front tire, but she continued driving. Multiple patrol vehicles were involved and northbound traffic on U.S. 101 was stopped. Officer Ruckman forcibly disabled appellant's vehicle after executing two PIT maneuvers. The pursuit lasted for 25 to 30 minutes, over 20 to 30 miles, and included two separate counties.

Officer Ruckman described appellant as "very erratic," unable to keep still, and making rapid jerking movements. Her eyes were "red and watery," her pupils were dilated, and her mouth was dry. Officer Ruckman believed appellant had been

driving under the influence of a controlled substance, specifically a stimulant.

Highway Patrol Officer Aaron Limon-Guerrero, a certified Drug Recognition Expert (DRE) conducted a 12-step DRE examination of appellant at approximately 1:52 a.m. During his evaluation, he observed several indicators of "drug impairment," including appellant's "very erratic" demeanor, she was unable to sit still, she had "raspy speech," her pulse was high, her pupils were dilated, and there was no involuntary jerking of her eyes. She fell asleep at random times throughout the evaluation, had heat bumps on the back of her tongue, and her teeth were "black and . . . rotting," which indicated appellant may have smoked methamphetamine. During the Romberg balance test, appellant estimated 30 seconds after 19 seconds had elapsed.

Officer Limon-Guerrero was not able to complete the entire DRE examination out of concern for appellant's safety. Based on the tests he administered, he formed the opinion that appellant was under the influence of a central nervous system (CNS) stimulant at the time of driving.

After the evaluation, appellant was taken for a blood draw. Blood tests revealed appellant's blood contained over 1,000 nanograms per milliliter of methamphetamine. Therapeutic levels of methamphetamine in blood would be approximately 10 to 15 nanograms per milliliter.

In an amended information, the Ventura County District Attorney charged appellant with evading a police officer with willful disregard (§ 2800.2, subd. (a), count 1) and driving under the influence of any drug (§ 23152, subd. (f), count 2). The information also alleged appellant committed the offense within two counties (Pen. Code, § 781), and that she had prior

convictions of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)).  As to count 2, it was alleged appellant had two prior convictions pursuant to section 23152, subdivision (b).

At trial, the jury was instructed on the charged offense of driving under the influence of a drug (§ 23152, subd. (f)) pursuant to model instruction CALCRIM No. 2110.[2]  Appellant made no objection.

In April 2024, a jury found appellant guilty on both counts. The trial court found true the special allegations.  Appellant was sentenced to 280 days in county jail, placed on five years formal probation, and ordered to pay various fines and fees.

---

[2]  CALCRIM No. 2110 instructed as follows: "The defendant is charged in Count Two with driving under the influence of a drug in violation of Vehicle Code section 23152(f). ¶ To prove that defendant is guilty of this crime, the People must prove that: ¶ 1. The defendant drove a vehicle; AND 2. When she drove, the defendant was under the influence of a drug. ¶ A person is *under the influence* if, as a result of taking a drug, his or her mental or physical abilities are so impaired that he or she is no longer able to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances. ¶ The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence of a drug. However, it is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence. ¶ A *drug* is a substance or combination of substances, other than alcohol, that could so affect the nervous system, brain, or muscles of a person that it would appreciably impair his or her ability to drive as an ordinarily cautions person, in full possession of his or her faculties and using reasonable care, would drive under similar circumstances."

4

*Discussion*

Appellant contends reversal of count 2 is required because CALCRIM No. 2110 limited the jury's ability to consider critical and relevant evidence in violation of her Sixth and Fourteenth Amendment rights. The People contend appellant forfeited her challenge by failing to object at trial. As we shall explain, we agree with the People.

"Generally, a party forfeits any challenge to a jury instruction that was correct in law and responsive to the evidence if the party fails to object in the trial court. [Citations.]" (*People v. Franco* (2009) 180 Cal.App.4th 713, 719.) However, a defendant need not assert an objection to preserve a contention of instructional error when the error affects the defendant's "substantial rights." (Pen. Code, § 1259.) "In this regard, '[t]he cases equate "substantial rights" with reversible error' under the test stated in *People v. Watson* (1956) 46 Cal.2d 818." (*People v. Felix* (2008) 160 Cal.App.4th 849, 857; *People v. Mitchell* (2008) 164 Cal.App.4th 442, 465.)

We review de novo whether a jury instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) Our task is to determine whether the trial court "'fully and fairly instructed on the applicable law.' [Citation.]" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.) "It is well established in California that the correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction." (*People v. Burgener* (1986) 41 Cal.3d 505, 538, disapproved on another ground in *People v. Reyes* (1998) 19 Cal.4th 743, 753-756.) "'Instructions should be interpreted, if

5

possible, so as to support the judgment rather than to defeat it . . . .'" (*Ramos,* at p. 1088.)

"It is uncontroversial that DUI model instruction, CALCRIM 2110, correctly states the law in its directive about a defendant's manner of driving." (*People v. Stockman* (2020) 56 Cal.App.5th 1093, 1097-1098 (*Stockman*), citing *People v. Rice* (1988) 200 Cal.App.3d 647, 652-653.) It is also "well established that a defendant's manner of driving may be considered, along with any other relevant evidence, in determining whether a defendant was driving under the influence." (*Stockman*, at p. 1098; *People v. Weathington* (1991) 231 Cal.App.3d 69, 83-84; *People v. Torres* (1959) 167 Cal.App.2d 36, 38.) The standard language of CALCRIM No. 2110 captures this principle by instructing that a defendant's manner of driving is a factor to be considered, in light of all the surrounding circumstances, in deciding whether a person was under the influence. (See fn. 2, *ante*, p. 4.)

CALCRIM No. 2110 thus "correctly states that . . . the manner of driving *alone* is not enough to sustain a finding that the defendant was under the influence . . . ." (*Stockman*, *supra*, 56 Cal.App.5th at p. 1098.) This is because "'[t]he determining factor [in trial of a DUI charge] relates . . . to the mental and physical condition of the driver, that is, his ability to operate his car, *and not to the manner in which the car is being actually driven*, nor the result of its operation. The commission of the crime is complete when such person engages in the act of driving an automobile . . . while under the influence . . . even though there are no other travelers on the highway at the time [citation], or, if there are, that he has driven his car in such manner as did not in fact endanger their safety.'" (*Ibid.*, quoting *People v.*

6

*McGrath* (1928) 94 Cal.App. 520, 524; see also *People v. Grabham* (2021) 68 Cal.App.5th 549, 553.)

Appellant contends that by instructing the jury with the standard language of CALCRIM No. 2110, she was prevented from successfully presenting her defense because the jury was told that additional evidence beyond her "careful driving" was necessary to acquit her. For support, she relies on *Cool v. United States* (1972) 409 U.S. 100. But *Cool* is inapposite. There, the defense presented testimony from an accomplice that was "completely exculpatory." The trial court instructed the jury that it should ignore the testimony "unless it believes beyond a reasonable doubt that the testimony is true." (*Id.*, at pp. 100, 103, fn. 4.) The Supreme court explained that the instruction was both confusing and fundamentally unfair because it substantially reduced the government's burden of proof. (*Id.*, at pp. 103, fn. 4, 104.)

Appellant does not contend that evidence of her driving manner was excluded. Rather, she contends it was not given sufficient weight. But as we have explained, CALCRIM No. 2110 correctly states the law. In any event, "[i]t would be inappropriate . . . for a jury to find that a defendant was or was not driving under the influence based solely on evidence of manner of driving, even though such evidence may be considered as one factor among others. Doing so would contravene not only CALCRIM NO. 2110 instruction for DUI, but also CALCRIM No. 224, which applies to any circumstantial evidence presented at trial . . . ." (*Stockman*, *supra*, 56 Cal.App.5th at pp. 1099-1100.)[3]

---

[3] Appellant's jury was instructed with CALCRIM No. 224, which provides that for the jury to find "that a fact necessary to find the defendant guilty" has been proven beyond a reasonable

Furthermore, the record shows defense counsel cross-examined the state's witnesses "strenuously" to elicit evidence regarding appellant's good driving, which counsel argued showed that appellant was not impaired. Counsel also emphasized appellant's careful driving during closing argument. The jury was not persuaded. We conclude there was no miscarriage of justice, and the forfeiture rule applies.

Appellant responds that defense counsel's failure to object amounts to ineffective assistance of counsel. This contention fails because appellant cannot show counsel's representation was deficient or that she was prejudiced by any such deficiency. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687, 694.) CALCRIM No. 2110 correctly states the law. Counsel's failure or "election" not to object might well have been based on the reasonable assumption that an objection would be overruled. "Counsel's failure to make a meritless objection does not constitute deficient performance." (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1080.)

First, appellant's contention that the language in CALCRIM No. 2110 violated her right to the presumption of innocence by shifting the burden to the defense is meritless. CALCRIM No. 2110 did not address the burden of proof and other instructions properly instructed the jury as to the presumption of innocence and the prosecution's burden of proof. (See *People v. Prieto* (2003) 30 Cal.4th 226, 248-249 [instructional error harmless because jury was otherwise properly instructed]; *People v. Moore* (2011) 51 Cal.4th 1104, 1133 [erroneous

---

doubt based on circumstantial evidence, it must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty."

instruction harmless where it did not directly or indirectly address burden of proof].)

Second, her contention that there was not overwhelming evidence that the drugs affected her driving ability is not supported by the record. Officer Ruckman testified that appellant's driving was "abnormal," which he described as making sharp jerking movements within her lane. Her speed varied from 40 to 100 miles per hour as she maneuvered around slower moving vehicles. She crossed over the solid yellow line, changed lanes without signaling, drove in multiple lanes at once, and "nearly collided" with the traffic cones in a construction zone. When Officer Ruckman activated his emergency lights and sirens, appellant did not stop. The pursuit, which was captured on Officer Ruckman's Motor Vehicle/Audio Recording System (MVARS) and played for the jury, lasted approximately 25-30 minutes, spanned two counties, and only ended after appellant's vehicle was forcibly disabled. Officer Ruckman opined appellant's driving was "unsafe" and consistent with being under the influence.

There was also overwhelming evidence that appellant was under the influence of methamphetamine when she was driving. Both Officer Ruckman and Officer Limon-Guerrero described appellant's demeanor as "erratic." She had "red and watery" eyes, and her pupils were dilated. Appellant's blood contained at least 1000 nanograms per milliliter, which was the maximum level capable of being measured based on the equipment used. After conducting the DRE evaluation, which was recorded and played for the jury, Officer Limon-Guerrero opined that appellant was under the influence at the time of driving.

In short, the jury was fully and fairly instructed on the applicable law, and any arguable error was not prejudicial.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

10

Maureen M. Houska, Judge
Superior Court County of Ventura
_____

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, for Plaintiff and Respondent.