[No. H022750. Sixth Dist. Oct. 23, 2003.]

KEVIN D. MOLES, Plaintiff and Respondent, v.
STEVE GOURLEY, as Director, etc., Defendant and Appellant.

COUNSEL

Bill Lockyer, Attorney General, Damon M. Connolly, Miguel A. Neri, Supervising Deputy Attorneys General, Fiel D. Tigno and Karen Donald Deputy Attorneys General for Defendant and Appellant.

Walter A. MacDonald, Jr., for Plaintiff and Respondent.

OPINION

**WUNDERLICH, J.**—This appeal follows a judgment rescinding a driver's license suspension. The appellant is the State of California Department of Motor Vehicles (DMV). The respondent is Kevin D. Moles, a licensed California driver.

At issue is whether the trial court erred in refusing to treat an offense committed in Virginia as a drunk driving conviction under California law.

We conclude that the out-of-state conviction should be given reciprocal effect in California. We therefore reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

In August 1998, Moles was convicted in Alexandria, Virginia for violating that state's law against driving while intoxicated. (Va. Code, § 18.2-266.) The Virginia record indicated that the conviction was for "driving while intox."

In October 1998, the DMV notified Moles that it had suspended his driving privileges as a result of the Virginia conviction. The 1998 suspension order informed Moles that he had the right to seek judicial review; he did not do so, however.

In June 2000, Moles was convicted in San Luis Obispo County, California of driving while under the influence of alcohol (DUI). (Veh. Code, § 23152.)[1]

In July 2000, the DMV again suspended Moles's license. As before, the order cited the Virginia conviction as a basis for the suspension. And as before, the order informed Moles of his right to seek judicial review. This time, he exercised that right.

In October 2000, Moles petitioned the Santa Clara County Superior Court for a writ of mandate to compel the DMV to set aside its July 2000 suspension order. The DMV opposed the verified petition. In its opposition, the DMV submitted the Virginia conviction record that prompted its suspension of Moles's license.

The trial court conducted a hearing on the petition in late November 2000. No additional evidence was submitted beyond that contained in the parties' papers, but the court entertained argument from the parties before taking the matter under submission.

In December 2000, the court issued its order granting Moles's writ petition. The court characterized "the information presented by the DMV" as "generally descriptive only." Citing case law, the court concluded that the DMV had presented "insufficient evidence to show that the conviction under the Virginia statute was actually for drunk driving." The court ordered the DMV to rescind its suspension order.

Thereafter, in January 2001, the court entered formal judgment granting the petition. The judgment declares that the DMV "did not have the legal right and authority" to suspend Moles's driver's license based on the Virginia conviction, and it orders the DMV to "set aside and rescind" its July 2000 suspension order.

The DMV filed this timely appeal.

## ISSUES

The DMV challenges the trial court's determination that the Virginia record constitutes insufficient evidence of a qualifying DUI conviction under the governing statutes. Alternatively, the DMV asserts that Moles waived his right to object to treatment of the Virginia conviction as a prior DUI offense, because he failed to appeal his earlier suspension, which was based on the same out-of-state conviction.

---

[1] All further statutory references are to the California Vehicle Code unless otherwise stated.

## STANDARD OF REVIEW

The judgment in this case is based on the trial court's application of the relevant statutes to undisputed facts. We therefore review the judgment *de novo*. (See, e.g., *McDonald v. Department of Motor Vehicles* (2000) 77 Cal.App.4th 677, 681–682 [91 Cal.Rptr.2d 826]; *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1519 [82 Cal.Rptr.2d 378].)

## DISCUSSION

To determine the proper treatment of the Virginia offense under California law, we begin with an overview of the relevant statutes—the interstate Driver License Compact, California's DUI law, and Virginia's DUI law. We then analyze and apply those statutes to the undisputed facts before us.

### I. *The Statutory Scheme*

### A. *The Driver License Compact*

California has participated in the interstate Driver License Compact since 1963. (§ 15000 et seq.; see *Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1516; *McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th at p. 682.) Participants in the compact include 39 other states plus the District of Columbia. (§ 15000; see also Historical and Statutory Notes, 66A West's Ann. Veh. Code (2003 pocket supp.) ch. 6, pp. 3–4.) The Commonwealth of Virginia is among the party-states that have joined the compact. (Va. Code, §§ 46.2-483 to 46.2-488; *Commonwealth v. Lowe* (2000) 31 Va.App. 806 [525 S.E.2d 636].)

The Driver License Compact affords "reciprocal notification of certain driving violations." (*Larsen v. Department of Motor Vehicles* (1995) 12 Cal.4th 278, 282, fn. 4 [48 Cal.Rptr.2d 151, 906 P.2d 1306], citing § 15022.) "Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug" is among the violations subject to the compact. (§ 15023, subd. (a)(2).) With respect to the offenses within its ambit, " 'the compact provides that the conduct leading to an out-of-state conviction will be treated as if the conduct had occurred in the driver's home state.' [Citation]" (*Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1516, quoting Council of State Governments, The Driver License Compact and The Vehicle Equipment Safety Compact (1962) pp. 3–4; see § 15023.) ■ Thus, California driving privileges may be suspended based on qualifying out-of-state drunk driving convictions. (§ 13352, subds. (a), (d) [mandatory suspension]; § 13363, subd. (a) [discretionary suspension]; *Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1517.)

The Driver License Compact "is intended to increase highway and street safety by enhancing the degree of compliance with laws governing the operation of motor vehicles in party states. [Citation.]" (*Larsen v. Department of Motor Vehicles, supra,* 12 Cal.4th at p. 282, fn. 4; see § 15020.) The compact is to be liberally construed to achieve its purposes. (§ 15028; *McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th at p. 687.)

For the compact to apply, there must be sufficient evidence of conviction under a substantially similar statute. (*Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1521.) California thus may not give effect to out-of-state conviction reports unless "(1) the law of the reporting state pertaining to conviction is 'substantially the same' as California law pertaining to the conviction; (2) the description of the violation from which the conviction arose is sufficient; and (3) the interpretation and enforcement of the law of the reporting state are 'substantially the same' as the interpretation and enforcement of the California law in question." (*Ibid.,* quoting § 13363, subd. (b); see also § 15023, subd. (c) [where statutory language is not identical, "violations of a substantially similar nature" in another state constitute reciprocal offenses].)

## B. *California's DUI Law*

"Section 23152 is the basic Vehicle Code provision prohibiting any person under the influence of alcohol or drugs from driving a motor vehicle." (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372 [211 Cal.Rptr. 748, 696 P.2d 141], fn. omitted.) In relevant part, the statute makes it "unlawful for any person who is under the influence of any alcoholic beverage . . . to drive a vehicle." (§ 23152, subd. (a).)[2]

---

[2] The full text of the California DUI statute is as follows:

"(a) It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle.

"(b) It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle. [¶] For purposes of this article and Section 34501.16, percent, by weight, of alcohol in a person's blood is based upon grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. [¶] In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving.

"(c) It is unlawful for any person who is addicted to the use of any drug to drive a vehicle. This subdivision shall not apply to a person who is participating in a narcotic treatment program approved pursuant to Article 3 (commencing with Section 11875) of Chapter 1 of Part 3 of Division 10.5 of the Health and Safety Code.

"(d) It is unlawful for any person who has 0.04 percent or more, by weight, of alcohol in his or her blood to drive a commercial motor vehicle, as defined in Section 15210. [¶] In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.04

■ Thus, under California's DUI law, the relevant conduct is "to drive." (§ 23152, subd. (a).) The specified conveyance is "a vehicle." (*Ibid.*) Other provisions of the Vehicle Code define "vehicle" and "motor vehicle." (§ 670 [vehicle]; § 415 [motor vehicle]; see also *People v. Jordan* (1977) 75 Cal.App.3dSupp. 1, 6–7 [142 Cal.Rptr. 401].)

### C. *Virginia's DUI Law*

Moles was convicted of violating Virginia's DUI law, which provides in part: "It shall be unlawful for any person to drive or operate any motor vehicle, engine or train . . . while such person is under the influence of alcohol. . . . [¶] For the purposes of this section, the term 'motor vehicle' includes mopeds, while operated on the public highways of this Commonwealth." (Va. Code, § 18.2-266.)[3]

Thus, under Virginia law, the relevant conduct is "to drive or operate," and the specified conveyances are "any motor vehicle [including highway-driven mopeds], engine or train." (Va. Code, § 18.2-266.)

### II. *Analysis and Application*

■ As noted above, reciprocal treatment of convictions under the Driver License Compact depends on (A) a substantially similar statute in the

---

percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.04 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving.

"(e) This section shall become operative on January 1, 1992, and shall remain operative until the director determines that federal regulations adopted pursuant to the Commercial Motor Vehicle Safety Act of 1986 (49 U.S.C. Sec. 2701 et seq.) contained in Section 383.51 or 391.15 of Title 49 of the Code of Federal Regulations do not require the state to prohibit operation of commercial vehicles when the operator has a concentration of alcohol in his or her blood of 0.04 percent or more.

"(f) The director shall submit a notice of the determination under subdivision (e) to the Secretary of State, and this section shall be repealed upon the receipt of that notice by the Secretary of State." (§ 23152.)

[3] The full text of the Virginia DUI statute is as follows:

"It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii) or (iv).

"For the purposes of this section, the term 'motor vehicle' includes mopeds, while operated on the public highways of this Commonwealth." (Va. Code, § 18.2-266.)

sister-state and (B) sufficient proof of the driver's violation of that statute. (§ 13363, subd. (b).) We analyze each of those requirements in turn to determine whether they have been met in this case.

### A. Do California and Virginia Have Substantially Similar Laws?

■ For an out-of-state DUI conviction to be given reciprocal treatment in California under the Driver's License Compact, the sister-state law must be "substantially the same" as California law in substance, interpretation, and enforcement. (§ 13363.)[4] Where the other jurisdiction's statutory language is not identical, "violations of a substantially similar nature" constitute reciprocal offenses. (§ 15023, subd. (c)[5] see generally Annot., Car License— Revocation or Suspension (1963) 87 A.L.R. 2d 1019, § 8, pp. 1029–1030, and later cases id., (2001 supp.) pp. 579–583; id., (2003 supp.) p. 23; 1 Nichols, Drinking/Driving Litigation: Criminal and Civil (2003 supp.) § 3:12, pp. 164–203.)

To resolve the question presented in this case, we compare the DUI laws of California and Virginia. (Cf., *McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th at p. 685 [comparing California and Colorado statutes]; *Draeger v. Reed, supra,* 69 Cal.App.4th at pp. 1519, 1521–1522 [comparing California and Florida statutes]; but see *Scott v. Com. Dept. of Transp., Bureau of Driver Licensing* (2002) 567 Pa. 631 [790 A.2d 291, 295]

---

[4] Section 13363 reads as follows:

"(a) The [DMV] may, in its discretion, except as provided in Chapter 6 (commencing with Section 15000) of Division 6, of this code [the Driver License Compact], suspend or revoke the privilege of any resident or nonresident to drive a motor vehicle in this State upon receiving notice of the conviction of the person in a state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or the Dominion of Canada of an offense therein which, if committed in this State, would be grounds for the suspension or revocation of the privilege to operate a motor vehicle.

"(b) Whenever any state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or the Dominion of Canada reports the conviction of a violation in such place by a person licensed in this State, the department shall not give effect to such report pursuant to subdivision (a) of this section or Section 15023 unless the department is satisfied that the law of such other place pertaining to the conviction is substantially the same as the law of this State pertaining to such conviction and that the description of the violation from which the conviction arose, is sufficient and that the interpretation and enforcement of such law are substantially the same in such other place as they are in this State."

[5] Section 15023, subdivision (c) reads as follows: "If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this section, such party state shall construe the denominations and descriptions appearing in subdivision (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature, and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this section."

[comparing the sister state's law and the language of the Driver License Compact].) In particular, this case requires us to examine differences in the two states' statutes concerning (1) the conduct that the laws address and (2) the types of vehicles that the laws cover.

### 1. Conduct

Without question, there are differences between California and Virginia law with respect to the proscribed conduct. Under California's DUI law, the prohibited behavior is "to drive" a vehicle while intoxicated. (§ 23152.) Under Virginia law, it is "to drive or operate" specified conveyances in that condition. (Va. Code, § 18.2-266.) By including "operate," Virginia's statute expressly covers a broader range of conduct. (Cf. *Mercer v. Department of Motor Vehicle's*(1991) 53 Cal.3d 753, 760–761 [280 Cal.Rptr. 745, 809 P.2d 404] [California's implied consent law is narrower than other states].)

Despite those differences, the Virginia and California DUI laws are substantially the same with respect to the behavior that counts under the Driver License Compact—*driving* while under the influence. (See, § 15023, subd. (a)(2); *Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1522 [even though Florida statute also proscribed being " 'in actual physical control of a vehicle' " while intoxicated, California DUI statute is "substantially the same in language, interpretation and enforcement as to the first prong of . . . the Florida statute, that is, the part which prohibits '*driving* . . . under the influence of alcoholic beverages.' (Italics added.)"].) Thus, while a state that participates in the Driver License Compact is free to outlaw other behaviors in addition to *driving* while intoxicated, the compact "is not concerned with [those] alcohol-related offenses." (*Ibid.*) As to the specific conduct made relevant by the Driver License Compact, both states proscribe the same behavior—driving while under the influence. The Virginia statute and the California statute thus are substantially the same with respect to the conduct that they prohibit.

### 2. Type of Vehicle

We next assess differences in the two statutes as to the types of vehicles covered. California's DUI law prohibits driving "a vehicle" while intoxicated. (§ 23152; see also § 670 [vehicle]; § 415 [motor vehicle].) Virginia's DUI law applies to "any motor vehicle;" it also specifically covers an "engine or train." (Va. Code, § 18.2-266.) Virginia law thus is broader in terms of the types of conveyances it covers.

Again, however, those differences are irrelevant when viewed through the prism of the Driver License Compact. (Cf., e.g., *Com. v. Lowe, supra,* 31

Va.App. at pp. 812, 813 [525 S.E.2d at pp. 637, 640] [noting that Virginia law refers to "motor vehicles," while Maryland law refers to "vehicles," a term that includes bicycles and children's sleds; but concluding that the two statutes are substantially similar].) An out-of-state conviction is "narrowed by the Driver License Compact." (*Ibid.*) "Article III of the Compact provides that foreign drunk driving convictions are to be reported to the home state of the person convicted. Article II defines 'conviction' as 'conviction of any offense related to the use or operation of a *motor* vehicle.' " (*Ibid.*; see § 15020 et seq. [enacting article 2 of the compact]; § 15021 [definitions]; § 15022 [reports of convictions].) "The language of the Compact is identical in the codes of the two states. [Citations.] Thus, any conviction reported . . . to DMV must, of necessity, be limited to motor vehicle use while intoxicated, in compliance with Articles II and III of the Compact." (*Ibid.*) California likewise adopted the compact's definitions. (§ 15021.) Thus, in California: " 'Conviction' means a conviction of any offense related to the use or operation of a *motor* vehicle . . . ." (§ 15021, subd. (c), italics added.)

■ As enacted in California—and elsewhere—the Driver License Compact is concerned only with motor vehicles and their impact on the traffic safety. (See § 15020.) Though participating states are free to include other modes of transport in their DUI laws if they choose, the compact itself is not concerned with other conveyances besides motor vehicles. Proper analysis thus dictates that we compare only the compact-specific portions of the sister state's statute to our own, ignoring any surplusage. In this case, then, we ignore the Virginia statute's references to engines and trains. As thus narrowed, the relevant portion of the Virginia statute prohibits driving a *motor vehicle* while intoxicated, just as the California statute does.

In sum, having examined Virginia's DUI law in its proper framework, we conclude that it is substantially the same as our own for purposes of reciprocal treatment under the Driver License Compact. That conclusion comports with "the important remedial purposes of the Compact and the Legislature's edict that it be liberally construed . . . ." (*McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th at p. 687.)

### B. *Proof of the Offense*

■ Suspension of driving privileges is triggered by the DMV's receipt of "an abstract of the record of any court" showing a DUI conviction. (§ 13352, subd. (a).) The abstract must contain proof of conviction; evidence of the offense alone is not enough. (See *Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1523; cf., *Pollack v. Department of Motor Vehicles, supra,* 38 Cal.3d at p. 381 [DMV action based on record of conviction]; *Thomas v. Department of*

*Motor Vehicles* (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858] [DMV action based on abstract of judgment].) Thus, for example, neither a police report nor a traffic citation proves an out-of-state conviction. (*Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1523.) "The police report is not an abstract of judgment; nor does it ordinarily form part of the record of conviction." (*Ibid.*) "Although the traffic citation, as the charging document, is properly included in the record of conviction, . . . it is insufficient, standing alone, to establish" the DUI conviction. (*Ibid.*)

██ The court record also must show that the conviction was for a qualifying offense. For that reason, the compact requires the inclusion of certain information in conviction reports transmitted from sister states. (See § 15022 [setting forth the requirements for conviction reports from party-states]. Cf., *Harrington v. Com., Dept. of Transp., Bureau of Driver Licensing* (2000) 563 Pa. 565, 576 [763 A.2d 386, 392] [although New Jersey did not fully satisfy the technical reporting requirements of the Driver's License Compact, its report was sufficient to support a reciprocal license suspension in Pennsylvania].)

██ In this case, the Virginia record indicates "driving while intox., 1st" as the "reason of conviction." The Virginia record qualifies as a conviction record; Moles does not contend otherwise. (Cf., *Draeger v. Reed, supra,* 69 Cal.App.4th at p. 1523 [no record of judgment of conviction].) Futhermore, in our view, it adequately describes the underlying offense. (Cf. *Catanzarite v. Com., Dept. of Transp., Bureau of Driver Licensing* (2001) 765 A.2d 1178, 1180 [Ohio report stating that driver was convicted of " 'DUI-ALCOHOL/LIQUOR' " was sufficient to sustain Pennsylvania license suspension]; *Harrington v. Com., Dept. of Transp., Bureau of Driver Licensing, supra,* 563 Pa. at p. 569 [763 A.2d at p. 388] [New Jersey report describing offense as "operate under influence liq/drugs" was sufficient to sustain Pennsylvania license suspension]; *Scott v. Com. Dept. of Transp., Bureau of Driver Licensing, supra,* 567 Pa. at p. 636 [790 A.2d at p. 294], [same].) Finally, as explained above, the description of the offense is narrowed by the Driver License Compact. (*Com. v. Lowe, supra,* 31 Va.App. at p. 813 [525 S.E.2d at p. 640].) The Virginia record thus adequately proves that Moles was convicted for driving a motor vehicle while intoxicated, as opposed to driving or operating an engine or train.

To sum up, we conclude that the Virginia record constitutes sufficient proof of conviction under that state's substantially similar DUI law.

### III. *Waiver*

Given our conclusion that the Virginia conviction must be given effect, we need not and do not reach the DMV's alternative contention of waiver.

## CONCLUSION

Under the Driver License Compact, there are two predicates for reciprocal treatment of an out-of-state drunk-driving conviction in California: a substantially similar sister state DUI statute and sufficient proof that the driver was convicted for violating that statute. Although Virginia's DUI law is broader than California's, the two statutes are substantially the same with respect to the conduct proscribed by the Driver License Compact—driving a motor vehicle while intoxicated. The record relied on by the DMV in suspending Moles's driver's license provides adequate proof that he was convicted for drunk driving in Virginia. The Virginia conviction thus is entitled to reciprocal treatment in California under the Driver License Compact.

## DISPOSITION

The Judgment is reversed. The cause is remanded to the trial court, which is directed to deny Moles's petition for writ of mandate and to reinstate the DMV's July 2000 suspension order. The DMV shall recover its costs on appeal.

Premo, Acting P. J., and Elia, J., concurred.