Filed 12/11/14  Martinez-Escobar v. Valverde CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| EDGARDO F. MARTINEZ-ESCOBAR, | |
| Plaintiff and Appellant, | E058732 |
| v. | (Super.Ct.No. RIC1212199) |
| GEORGE VALVERDE as director, etc., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge.

Affirmed.

Law Offices of Chad R. Maddox and Chad R. Maddox for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Christine Mersten, Senior Assistance

Attorney General, and Theodore S. Drcar, Deputy Attorney General, for Plaintiff and

Respondent.

1

I

INTRODUCTION

Petitioner and appellant Edgardo F. Martinez-Escobar was convicted in Hawaii in 2004 for operating a vehicle under the influence of an intoxicant. (Haw. Rev. Stat., § 291E-61.)[1] Petitioner was convicted in California in 2012 for driving under the influence of alcohol (DUI). (Veh. Code, §§ 23152, 23153.) In December 2012, the DMV[2] suspended petitioner's California license for three years.[3] (Veh. Code, § 13352, subd. (a)(4).)

Petitioner argues on appeal the Hawaii offense is not substantially similar to the California offense and the court erred by admitting copies of Hawaii's public records. The DMV argues the Hawaii conviction qualifies as a first DUI offense and the appeal is moot. Petitioner disagrees the appeal is moot because his three-year suspension is effective until December 2015.

We conclude the appeal is not moot although we still would have the discretion to consider the issue. (*LaChance v. Valverde* (2012) 207 Cal.App.4th 779, 783.) Nevertheless, we hold the Hawaii evidence was admissible to show that the 2004 offense is substantially similar to the 2012 offense. Although the Hawaii statute also outlaws

---

[1] Haw. Rev. Stat. § 291E-61: "(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle. . . ."

[2] Department of Motor Vehicles.

[3] We grant petitioner's request for judicial notice filed January 29, 2014. (Evid. Code, §§ 452, 459.)

being in actual physical control of a vehicle while under the influence of alcohol, the DMV provided sufficient evidence to show Petitioner was convicted for driving under the influence of alcohol in Hawaii, not simply controlling a vehicle while under the influence. Therefore, the Vehicle Code required the DMV to suspend petitioner's driving privileges. We affirm the judgment.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Administrative Hearing

On February 25, 2012, petitioner was arrested in Murrieta for driving while intoxicated. (Veh. Code, §§ 23152, 23153.) Petitioner surrendered his license and he was issued a temporary license with a notice of his right to request a suspension hearing before the DMV.

After the administrative per se (APS) hearing, the hearing officer found that Murrieta police had "witnessed a traffic collision involving a vehicle driven by [Petitioner] who fled the scene of a prior accident in violation of California law." Petitioner displayed objective symptoms of intoxication: bloodshot and watery eyes, odor of alcohol, an unsteady gait, and slurred speech. Petitioner could not perform the field sobriety tests. The PAS[4] results indicated the presence of alcohol and the chemical blood test showed petitioner had a blood alcohol content (BAC) of .19 percent. The DMV submissions for the APS hearing included exhibits 1 through 4—the Murrieta

---

[4] Preliminary alcohol screening.

3

police reports and test results—and exhibit 5—petitioner's current driving record—displaying the 2004 Hawaii conviction.

At the APS hearing, petitioner asked that the 2004 Hawaii conviction be stricken because the Hawaii statute only requires physical control but not "actual driving." The hearing officer found petitioner had been previously convicted in Hawaii in 2004 for "drunk driving" and no contrary evidence had been presented. The DMV suspended petitioner's license for one year from June 29, 2012, to June 28, 2013. After petitioner was convicted of the February 25, 2012 offense in December 2012, his license was suspended for three years until December 2015.

B. *The Writ Petition*

Petitioner responded to the administrative decision by demanding the DMV remove the Hawaii conviction from his driving record. In August 2012, petitioner filed a petition for preemptory writ of mandate, seeking to strike the Hawaii conviction from his record and changing his initial one-year suspension to four months.

In response to the writ petition, the DMV asserted the offense on February 25, 2012 was a second DUI offense. In support, the DMV submitted an administrative record which included all the documents submitted at the APS hearing and a certified case detail report from the Hawaii court, showing that petitioner was arrested on February 25, 2004, for violation of Hawaii Revised Statutes section 291E-61(a) and was found guilty by a bench verdict on April 29, 2004. The description of the violation was "DUI BY IMPAIRMT OR .08 BREATH." The Hawaii court's minutes reflect that petitioner waived personal appearance, was represented by an attorney, and entered a guilty plea on

4

the day of trial. As supplementary evidence, the DMV submitted additional public records related to the Hawaii conviction: the three sworn police reports, stating that petitioner was weaving while driving; the breath test results; the notice of administrative revocation; another copy of the case detail report; and a case printout describing the violation as "Traffic Crime Moving."

At the hearing on the writ petition, petitioner objected to the court accepting as evidence the Hawaii public records of petitioner's 2004 conviction. The court held that the certified copy of the case detail report and the supplemental public records were all admissible evidence under Evidence Code section 1280 and, taken together with the evidence established that petitioner was guilty of driving a car while intoxicated in 2004. The trial court denied the writ petition in April 2013.

III

DISCUSSION

The judgment in this action is based on the trial court's application of the relevant statutory provisions to the undisputed facts set forth in the administrative record. Accordingly, we independently review the judgment. (*Isaac v. Department of Motor Vehicles* (2007) 155 Cal.App.4th 851, 855; *Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1054; *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1519-1520.)

A. *The Interstate Driver License Compact and the Foreign State Conviction*

California and Hawaii participate in the interstate Driver License Compact (Compact). (Veh. Code, § 15000 et seq.; Haw. Rev. Stat., § 286C.) The Compact "'is intended to increase highway and street safety by enhancing the degree of compliance

5

with laws governing the operation of motor vehicles in party states. [Citation.]'
[Citations.]" (*Moles v. Gourley, supra*, 112 Cal.App.4th at p. 1055.) Another important
purpose of the compact is to "[m]ake the reciprocal recognition of licenses to drive and
eligibility therefor more just and equitable by considering the overall compliance with
motor vehicle laws . . . as a condition precedent to the continuance or issuance of any
license . . . in any of the party states." (Veh. Code, § 15020, subd. (b)(2); *McDonald v.
Department of Motor Vehicles* (2000) 77 Cal.App.4th 677, 682.) The Compact is
liberally construed to achieve these purposes. (*Moles,* at p. 1055.)

The Compact requires party states to report all convictions of an out-of-state driver
to the state that issued the driver a license to operate a motor vehicle and the report must
"describe the violation specifying the section of the statute, code, or ordinance violated."
(Veh. Code, § 15022; *McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th
at p. 682.) Upon receiving a report of an out-of-state conviction from another party state,
"[t]he licensing authority in the home state . . . shall give the same effect to the conduct
reported . . . as it would if such conduct had occurred in the home state, in the case of a
conviction for: [¶] . . . [¶] (2) Driving a motor vehicle while under the influence of
intoxicating liquor . . . ." (Veh. Code, § 15023, subd. (a); *McDonald*, at pp. 682-683.)
Consistent with the Compact's terms, Vehicle Code section 13352, subdivision (d),
requires the DMV immediately to suspend a driver's license for a drunk driving
conviction based on out-of-state convictions: "A conviction of an offense in [another]
state . . . that, if committed in this state, would be a violation of Section 23152, is a
conviction of Section 23152 for the purposes of this section, . . . The department shall

6

suspend or revoke the privilege to operate a motor vehicle pursuant to this section upon receiving notice of that conviction."  (Veh. Code, § 13352, subd. (d); *Draeger v. Reed, supra*, 69 Cal.App.4th at p. 1523.)

The DMV must receive sufficient evidence establishing the out-of-state conviction was under a statute substantially similar to a California statute punishing the same conduct.  (*Isaac v. Department of Motor Vehicles, supra*, 155 Cal.App.4th at p. 856.) Specifically, the DMV may not suspend or revoke a driver's license based on an out-of-state conviction "'unless "(1) the law of the reporting state pertaining to conviction is 'substantially the same' as California law pertaining to the conviction; (2) the description of the violation from which the conviction arose is sufficient; and (3) the interpretation and enforcement of the law of the reporting state are 'substantially the same' as the interpretation and enforcement of the California law in question."  [Citations.]' [Citation.]"  (*Ibid*.; *Moles v. Gourley, supra*, 112 Cal.App.4th at p. 1055; *Draeger v. Reed, supra*, 69 Cal.App.4th at p. 1521; see § 13363, subd. (b).)

B.  *The California and Hawaii Drunk Driving Statutes*

Vehicle Code section 23152 (section 23152) is the basic statutory provision prohibiting any person from driving a motor vehicle in California while under the influence of alcohol.  (*Isaac v. Department of Motor Vehicles, supra,* 155 Cal.App.4th at p. 856.)  In pertinent part, that statute makes it unlawful for any person who "has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."  (§ 23152, subd. (b).)  The essential conduct under section 23152 is driving a vehicle, which requires

"'evidence of volitional movement of a vehicle.'" (*Draeger v. Reed, supra*, 69 Cal.App.4th at p. 1521.)

Unlike Hawaii, "California is among the minority of states that prohibit simply 'driving' a vehicle while intoxicated; most states prohibit '"driving or operating" or simply "operating" a vehicle . . . , or "driving or being in [or 'having'] actual physical control" of a vehicle.' [Citation.] The overwhelming majority of those statutes have been interpreted as ascribing to the words 'being in actual physical control of' or 'operating' a vehicle 'a broad scope not limited to or dependent on volitional movement of a vehicle. . . .' [Citation.]" (*Isaac v. Department of Motor Vehicles, supra*, 155 Cal.App.4th at p. 861.)

Petitioner's out-of-state conviction was for violating Hawaii Revised Statute section section 291E-61:

"(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

"(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [¶] . . . [¶]

"(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

"(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood."

California's statutory scheme required the DMV immediately to suspend petitioner's license based on the Hawaii conviction if (1) the Hawaii statute under which

8

he was convicted is substantially similar to section 23152 and (2) the public records from the Hawaii court and the Honolulu Police Department provided sufficient proof petitioner was convicted for conduct that would violate section 23152.  (Veh. Code, §§ 13352, subds. (a) & (d), 15023, subd (a); *Moles v. Gourley, supra*, 112 Cal.App.4th at pp. 1056-1057, 1059-1060.)  Petitioner contends neither of these conditions was satisfied and therefore the trial court erred in upholding his suspension.  We reject that contention for the reasons discussed below.

*C.  Substantially Similar Statutes*

To determine whether the California and Hawaii statutes are substantially similar we must examine the conduct the statutes prohibit, not the elements of the offenses the statutes describe.  (*Draeger v. Reed supra,* 69 Cal.App.4th at pp. 1521-1522; see *McDonald v. Department of Motor Vehicles, supra*, 77 Cal.App.4th at pp. 688-689.)  The California statute prohibits driving a vehicle with a blood alcohol content of 0.08 percent or higher while the Hawaii statute prohibits both operating or assuming actual physical control of a vehicle with a blood alcohol content of 0.08 percent or higher.  The Hawaii statute therefore covers a broader range of conduct.  (*Draeger,* at pp. 1522-1523 [Florida statute]; see *Moles v. Gourley, supra*, 112 Cal.App.4th at p. 1058 [Virginia statute].)

The California and Hawaii statutes, however, both make it unlawful for a person to drive with a blood alcohol content of 0.08 percent or higher.  Accordingly, the two statutes are substantially similar as they relate to driving while under the influence of alcohol.  Petitioner's challenge therefore turns on whether the Hawaii public records submitted by the DMV clearly show his Hawaii conviction was based on driving a

9

vehicle, as opposed to assuming actual physical control of a vehicle. (*Draeger v. Reed, supra*, 69 Cal.App.4th at p. 1522; see *Moles v. Gourley, supra*, 112 Cal.App.4th at pp. 1058, 1060.) The California and Hawaii statutes are substantially similar "where the description of the violation from which the conviction arose clearly shows the conviction was based on drunk *driving*." (*Draeger,* at p. 1522.)

*D. The Hawaii Public Records*

The report or record of a foreign conviction must contain proof that the person was actually convicted of a crime based on conduct that would violate section 23152; evidence of the offense alone is not sufficient. (*Moles v. Gourley, supra,* 112 Cal.App.4th at p. 1059; *Draeger v. Reed, supra*, 69 Cal.App.4th at p. 1523.) *Draeger*, *Moles*, and *Isaac* explain what records are sufficient to show an out-of-state conviction was based on conduct outlawed by section 23152.

In *Draeger*, the DMV relied solely on a police report and traffic citation to suspend a driver's license based on his conviction under a Florida statute that outlawed both driving and being in actual physical control of a vehicle while under the influence of alcohol. The Court of Appeal affirmed the trial court's decision overturning the suspension because the DMV failed to provide any evidence the driver's conviction was based on conduct that would violate section 23152. The *Draeger* court explained the DMV could not rely on the police report because it was not part of the record of conviction. As for the traffic citation, the *Draeger* court explained the DMV could consider it as part of the record of conviction, but the citation standing alone was merely the charging document and therefore did not establish the driver was convicted of an

10

offense. The DMV also needed the Florida court docket or some other record showing the driver was actually convicted of driving under the influence in Florida but the DMV failed to present that evidence. (*Draeger, supra*, 69 Cal.App.4th at pp. 1522-1523.)

In *Moles*, the Court of Appeal upheld the DMV's suspension based on the driver's conviction under a Virginia statute that made it unlawful for a person to drive or operate a motor vehicle while under the influence of alcohol. The driver argued the Virginia records on which the DMV relied failed to show he was convicted of driving while under the influence, as opposed to Virginia's broader prohibition against operating a vehicle while under the influence. The *Moles* court rejected that argument and found the Virginia records identifying "'driving while intox., 1st' as the 'reason of conviction'" adequately established the driver was convicted for driving under the influence, as opposed to merely operating a vehicle under the influence. (*Moles v. Gourley, supra*, 112 Cal.App.4th at pp. 1059-1060.)

Finally, in *Isaac*, the DMV suspended a driver's license based on his conviction under an Ohio statute that outlawed operating a vehicle while under the influence of alcohol. The driver argued his suspension should be overturned because the DMV failed to present any evidence showing he was convicted of an offense that involved driving a vehicle, as opposed to merely operating one. (*Isaac v. Department of Motor Vehicles, supra,* 155 Cal.App.4th at pp. 856-857.) The *Isaac* court rejected that argument because the traffic citations charging the driver with operating a vehicle while under the influence also charged him with (1) failing to reasonably control his vehicle because he "was operating his vehicle in a 'weaving course outside marked lines'" and (2) "'driving'"

11

with a suspended license. The *Isaac* court found these additional charges supported the reasonable inference that the driver was driving the vehicle, as opposed to merely operating it. (*Id.* at pp. 857-858, 861-862.)

The *Isaac* court also explained the rules of evidence ordinarily applicable in civil and criminal proceedings do not apply in a DMV administrative hearing. The court concluded the DMV could consider the statements in the citations because they constituted part of the Ohio record of conviction as statements lodged in the citation or charging document. (*Isaac v. Department of Motor Vehicles, supra*, 155 Cal.App.4th at pp. 862-863.) The *Isaac* court emphasized the governing standards in an administrative proceeding differed from those found in a criminal trial: "[W]e must keep in mind the vast difference between the protections afforded a driver whose license may be suspended as the result of an administrative determination by DMV, which may properly be made on the basis of the record of a foreign conviction, and the protections afforded a criminal defendant, who has a due process right to be tried only upon competent evidence properly offered and admitted at trial which meets the People's burden to prove guilt beyond a reasonable doubt [citation], and to be sentenced in accordance with a highly protective regime." (*Id.* at p. 864.) Otherwise, the strict evidentiary standards the driver sought to impose on the DMV "would render the Compact and implementing provisions of our Vehicle Code nugatory insofar as they apply to drunk driving convictions in those states party to the Compact that make it unlawful to 'operate' or 'physically control' rather than 'drive' a vehicle while under the influence of alcohol or drugs, particularly when, as here, the conviction is based on a plea of guilty or nolo contendere." (*Ibid.*)

12

Based on these controlling standards, we conclude the court-certified case detail report and the supplemental Hawaii public records, including the citation and three sworn police reports, provided adequate evidence to support the DMV's determination petitioner was convicted of driving a vehicle while under the influence. The Honolulu police reports showed petitioner was arrested for weaving while driving, as well as exhibiting other criteria of intoxication. Petitioner pleaded guilty to "DUI BY IMPAIRMT OR .08 BREATH" and "Traffic Crime Moving." If petitioner was simply in actual physical control of his vehicle, he could have pleaded guilty to that conduct in violation of the same statute, but he did not do so.

There is no material difference between the facts in this case and the facts in *Moles*. Both the Virginia statute at issue in *Moles* and the Hawaii statute at issue here outlawed driving and either operating or controlling a vehicle while under the influence of alcohol. The *Moles* court concluded the driver's guilty pleas adequately established the driver actually drove while intoxicated, rather than merely operating a vehicle while intoxicated, and therefore upheld the DMV's suspension. The Hawaii public records here are comparable to those in *Moles* and likewise support the DMV's decision to suspend Petitioner's driving privileges.

Petitioner's arguments about the admissibility of the Hawaii public records seek to impose an evidentiary standard on the DMV that does not apply in the administrative context in which the DMV suspended his driving privileges. As explained in *Isaac*, the evidentiary rules applicable in civil and criminal proceedings do not apply in DMV administrative proceedings to suspend a person's driving privileges. (*Isaac v.*

13

*Department of Motor Vehicles, supra*, 155 Cal.App.4th at pp. 862-863.)  Petitioner does not dispute that the certified case detail report is part of the record of the Hawaii conviction.  The supplemental public records, including the sworn police reports, are also admissible in an administrative hearing even if they were not certified as required in a criminal proceeding.  (Evid. Code, §§ 1280, 11513, subd. (c); *Isaac,* at p. 863.)  The foregoing documents establish the DMV's findings that petitioner was convicted in Hawaii based on conduct that would violate section 23152, requiring his license suspension.

IV

DISPOSITION

We affirm the judgment.  The DMV shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

KING
J.

14