Filed 9/9/16  P. v. Stevens CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065059 |
| v. | (Super.Ct.No. RIF132927) |
| TAMMY LYNN STEVENS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Rodger P. Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied the Proposition 47 petition for resentencing of defendant and appellant Tammy Lynn Stevens. (Pen. Code, § 1170.18.)[1] Defendant contends the trial court erred because the evidence does not support a finding that she received items worth more than $950. We affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

In October 2006, defendant was charged with (1) receiving stolen property (§ 496, subd. (a)), in particular a "Cal ID Card, Altura Visa Platinum Card, Altura check cashing card, and receipts showing theft of $804.11"; and (2) grand theft (§ 487, subd. (a)) of money and personal property, in particular $804.11. In November 2006, defendant pled guilty to the charge of receiving stolen property (§ 496, subd. (a)). The trial court granted defendant 36 months of formal probation, with the condition that she spend 180 days in the custody of the county sheriff. The court dismissed the grand theft charge. (§ 1385.) In July and October 2010, defendant admitted violating the terms of her probation.

In April 2015, defendant filed a petition for resentencing/an application to reduce her offense to a misdemeanor. (§ 1170.18.) On the form petition, defendant's attorney marked the boxes reflecting defendant was convicted of both grand theft (§ 487) and receiving stolen property (§ 496). Defendant's attorney also marked a box reflecting that defendant "believes the value of the check or property does not exceed $950." The petition was signed by defendant's attorney. There are no documents attached to the petition.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The People filed a response, which indicated a hearing should be held to determine if the value of the property exceeded $950. The People indicated they had "ordered [a] report." A sheriff's incident report is included in the record on appeal. The report reflects various items were recovered or booked as evidence in connection with defendant's case: (1) the victim's California ID card; (2) an Altura Credit Union Visa check card; (3) an Altura Credit Union Visa Platinum card; (4) an Altura Credit Union check; (5) a garage door opener; (6) receipts totaling $804.11; and (7) a Virgin Mobile cell phone and charger.

The report further reflected that, on October 21, 2006, when the victim contacted the credit union to cancel her cards, the credit union informed her that "about $1,000 was deducted from her bank account on 10-21-06." When defendant was arrested, she "estimated she made about $1,000 in purchases and withdraws with the stolen cards." Defendant recounted using the victim's cards to withdraw $300 at an ATM, purchase $8 of gasoline, purchase a cell phone and phone cards for a total of $167 with $40 cash back, purchase another $8 of gasoline, withdraw another $200 at a casino ATM, and purchase personal items and withdraw $100 for a total of $146 at a grocery store, which all totals $829.00. Defendant believed she kept "most if not all of the receipts for the purchases and withdraws in her purse." The receipts in defendant's purse totaled $804.11.

The trial court summarily denied defendant's petition. The trial court wrote, "Amt. of loss exceed 950. Def. stole victim's ATM & PIN—spent $1,000 (see imaged

3

police rpt.) If def. has evidence in support of eligibility, she can cal. for re-consideration."

## DISCUSSION

Defendant contends the trial court erred by denying her petition because there is inadequate evidence in the record that the victim's loss was more than $950.

Preliminarily, defendant contends the police report cannot constitute evidence in this matter because a police report is not part of the record of conviction. Defendant is correct that a police report does not "ordinarily form part of the record of conviction." (*Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1060.) However, Proposition 47 cases are not limited to the record of conviction. (*People v. Johnson* (2016) 1 Cal.App.5th 953, 966.) Thus, the trial court could use the police report in the instant case.

In October 2006, when defendant committed her crime, the offense of receiving stolen property could be charged as a misdemeanor if (1) such a classification served the interests of justice, and (2) the value of the stolen property did not exceed $400. (Former § 496, subd. (a).) After the passage of Proposition 47, the offense of receiving stolen property is a misdemeanor if "the value of the property does not exceed $950." (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651.)

In requesting a felony conviction be transmuted into a misdemeanor pursuant to Proposition 47, a defendant bears the burden of making an initial showing concerning the value of the stolen property. In other words, a defendant bears the burden of initially showing he/she is entitled to a reduction in sentence. Therefore, a "proper petition"

4

should contain proof, such as the defendant's testimony (or other evidence) regarding the nature and value of the items taken. Based upon that initial showing, the trial "court can take such action as appropriate to grant the petition or permit further factual determination." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880; see *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.)

Defendant's petition reflects defendant's attorney's conclusion that defendant believes the value of the property is less than $950. Defendant provides no proof about the value of the stolen items, such as a declaration or affidavit. Thus, defendant failed to meet her burden of showing the value of the items was $950 or less.

The police report reflects a bank employee told the victim that "about $1,000.00 was deducted from [the victim's] bank account." The police report also reflects defendant estimated making "about $1,000 in purchases and withdraws with the stolen cards." Defendant had four receipts in her purse totaling $804.11. Defendant told the police officer "she kept most if not all of the receipts for the purchases and withdraws in her purse." The receipts in defendant's purse were for: (1) a $200 cash withdrawal; (2) a purchase of a phone and phone cards, and $40 cash back for a total of $167.23; (3) a $300 cash withdrawal; and (4) a $30.88 grocery store purchase with $100 cash back. Notably, the gas station purchases defendant mentioned were not included in the receipts. Given the $1,000 estimates by defendant and the bank employee, and the missing receipts, it is unclear from the police report if defendant received more or less than $950. Thus, the trial court could reasonably conclude the police report provided by the prosecutor did not

5

prove defendant received $950 or less.  (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136 [we review factual findings for substantial evidence].)

In sum, the trial court did not err.  We will affirm the order without prejudice to defendant filing another petition wherein she provides evidence concerning her eligibility for Proposition 47 relief.  (See *People v. Perkins*, *supra*, 244 Cal.App.4th at p. 142.)

## DISPOSITION

We affirm the order denying defendant's petition for resentencing of her conviction for receipt of stolen property without prejudice to consideration of a subsequent petition that supplies evidence of her eligibility.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.

6