Filed 7/26/24  P. v. Miller CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAVELLE MILLER,<br><br>    Defendant and Appellant. | D082935<br><br><br>(San Bernardino County<br>Super. Ct. No. FSB18000241) |


APPEAL from an order of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  Reversed and remanded with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION

Lavelle Miller appeals from the trial court's denial of his Penal Code[1] section 1170.95[2] resentencing petition regarding his attempted murder convictions. He contends the court improperly engaged in factfinding to determine his eligibility for relief. The Attorney General concedes the court erred in denying the petition at the prima facie stage without issuing an order to show cause. We resolve this case by memorandum opinion and reverse and remand with directions. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

## BACKGROUND

In 2017, Lavelle Miller and Cory Thomas, inmates at West Valley Detention Center were charged with two counts each of attempting to murder two deputies. A police report indicated one deputy was stabbed and the other deputy assaulted. Miller waived a preliminary hearing. In 2018, he pleaded guilty to two counts of attempted murder for the benefit of a criminal street gang, with the prosecutor striking the allegation the attempted murders were willful, deliberate, and premeditated. His plea included a stipulation the police reports formed the factual basis for his plea.

The court sentenced Miller to a determinate term of 14 years and four months in prison. In 2022, he filed a petition for resentencing. He declared he was convicted under a theory of imputed malice based on his participation in the crime and requested counsel be appointed to represent him. At a hearing on the petition, counsel argued consideration of evidence in the police

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no substantive changes in the statute. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference.

reports and video constituted improper fact finding at the prima facie stage. The court received into evidence the police reports and a surveillance video of the incident.

After taking the matter under submission, the court summarily denied the petition, citing the police reports and surveillance video of the incident. It concluded Miller was an actual perpetrator of the attack, rendering him ineligible for relief as a matter of law.

## DISCUSSION

Miller contends the court erred in summarily denying his section 1172.6 petition without issuing an order to show cause because the record of conviction does not conclusively establish he is ineligible for relief as a matter of law. The Attorney General concedes the trial court should not have considered the deputies' descriptions of the offense from the police reports, which are not part of the record of conviction.

A trial court reviewing a section 1172.6 petition first determines if the petitioner made a prima facie showing entitling he or she to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court is permitted to examine the record of conviction to assess the petitioner's claim of eligibility, but it may not engage in factfinding, weigh the evidence, or exercise discretion. (*Id.* at p. 972.) It must generally take the petitioner's factual allegations as true but is not required to accept factual allegations refuted by the record of conviction. (*Id.* at p. 971.)

Denying a resentencing petition at the prima facie stage is appropriate if, as a matter of law, the record of conviction demonstrates the petitioner's ineligibility for relief; otherwise, the court must issue an order to show cause and allow the petitioner to submit additional relevant evidence. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101; § 1172.6, subd. (c) & (d).) " '[A]bsent a

3

record of conviction that *conclusively establishes* that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question' " the allegations of the petition seeking relief under section 1172.6. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230 (*Rivera*).)

With these principles in mind, we independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage (*People v. Harden* (2022) 81 Cal.App.5th 45, 52) and conclude the record of conviction does not conclusively establish Miller's ineligibility for relief as a matter of law.

Police reports are ordinarily not part of the record of conviction (*Moles v. Gourley* (2003) 112 Cal.App.4th 1049, 1060; *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521) and, as Miller noted, the police reports in this case contain multiple levels of hearsay and inconsistent statements about his involvement in the incident. Although the record of conviction includes the record of Miller's guilty plea, he did not personally admit to the truth of any particular facts during the reported plea colloquy or in his change of plea form that establish he was the actual perpetrator who acted with malice.

When a trial court approves a plea of guilty or no contest, it must "cause an inquiry to be made of the defendant to satisfy itself that the guilty plea is freely and voluntarily made, and that there is a factual basis for the plea." (§ 1192.5, subd. (c).) "The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges." (*People v. Holmes* (2004) 32 Cal.4th 432, 441, fn. omitted.) A defendant " 'is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document.' " (*Rivera, supra*, 62 Cal.App.5th at p. 235.) "[A]bsent an indication that a defendant admitted the truth of particular facts, the

4

stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' " (*Ibid*.)  While Miller's stipulation to the police reports as the factual basis for his guilty plea satisfies section 1192.5, it is not an admission to the truth of every factual statement within the police reports.  (See *Rivera*, *supra*, at p. 235.)

On this record, without an admission of particular facts during his plea colloquy or on his change of plea form (see, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028–1029), Miller's stipulation to the police reports as the factual basis of his plea does not conclusively establish he was an actual perpetrator of the attempted murders who acted with malice or otherwise rebut the allegations in his facially sufficient resentencing petition.  By relying on the police reports and surveillance video to deny Miller's petition, the trial court engaged in impermissible factfinding when it determined his eligibility for relief at the prima facie stage.  (See *Lewis, supra*, 11 Cal.5th at p. 972.)

## DISPOSITION

The order denying Miller's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and conduct an evidentiary hearing.  (§ 1172.6, subd. (c) & (d).)


DATO, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

6